Cuma, per
Colcock, J.
The common law on the subject of bail has been modified in this state by statute. The act of 1809 directs, “ That in all actions hereafter to be brought wherein the defendant or defendants shall be held to bail, by the sheriff serving the writ or process, the bail so given to the sheriff shall be entitled to all the tights, privileges and powers of special bail; and may sur *176 render his principal in discharge of himself, or the principal surrender himself in discharge of his bail, in the same manner and to the same extent as special bail, (meaning bail above, or bail to the action,) are now entitled to; any law usage or custom to the contrary in any wise notwithstanding ; and that it shall not be necessary hereafter for bail to obtain a judge’s order for leave to surrender his principal.” 1 Brev. 55.
Though the mere nonappearance then of the defendant in the action does fix the bail, yet he may be discharged by a surrender or payment, as bail above at the common law could be. It then becomes necessary that he should be declared.against in the same manner as if he had become bail by recognizance It is the effect of the act of 1809, after the bail has becomé liable to pay the defendant by the nanappearance of the principal.
Judgment affirmed, and leave given to amend.
At the next sitting of the Court of Common Pleas, this case came on again for trial. In his amended declaration the plaintiff professed to set out the proceedings, but he merely set out the writ and the return, and assigned as a breach, that the defendant did not appear. To this declaration the defendant also demurred, on the ground that the plaintiff had not shewn any cause of action. The demurrer was supported, -and the plaintiff again brought up the case.
HP Clintotik, for the appeal.
Gregg, contra.
Curia, per
Nott, J.
The demurrer in this case admits the truth of every allegation in the declaration. That is to say, it' admits, that the plaintiff sued out a writ against him, that the defendant became bail for his ap *177 pearance at court, and that he failed to appear according to the requisitions of the writ. And the question now is whether upon that statement of facts the plaintiiF is entitled to recover. In order to determine that question it is necessary to advert to the acts of the legislature on the subject.
The act of 1785, declares, that whereas heretofore it has been the law of this state that upon the return of writs of capias ad respondendum, where the defendant or defendants maketh default of appearance, to suffer the plaintiff to suspend the proceedings against such defendant or defendants, and commence original actions against the bail whereby the costs have been greatly and unnecessarily increased, and the defendant aggrieved — for remedy whereof, be it enacted, That where any writ shall issue from any court within this state whether of supreme or inferior jurisdiction, and the defendant shall give bail for his appearance and shall make default the suit shall be prosecuted to judgment, and execution shall issue against such defendant before any proceedings shall be had against the common bail. P. L. 368.
By the act of 1809, 1 Brev. 55. it is enacted that the bail given to the sheriff shall be entitled to all the rights, privileges and powers of special bail, and may surrender &c. in the same manner and to the same extent as special hail are now entitled to. This last act gives to the bail to the sheriff all the effects, creates the same liabilities, and allows all the privileges of a recognizance of special bail in England. It appears to me therefore, that every allegation which is necessary to show the liability of a defendant on a recognizance of special bail, is necessary to show a liability on the bail bond to the sheriff under our act. But it is unnecessary to look beyond the act of 1785, to determine the case now under consideration. That act expressly declares that although the defendant *178 shall have made default of appearance, the suit shall be' prosecuted to judgment; and execution shall issue against the defendant, before any proceedings shallbehad against the bail. It is not therefore the failure to appear that gives the plaintiff a right of action. For unless he should proceed to judgment and execution, he can never have an action on the bail bond although it would- appear that the conditions had been broken by the non-appearance of the defendant. The allegation therefore that the defendant in the original action had failed to appear was not sufficient; for admitting it to be true it would have given the' plaintiff no cause of action. In this declaration the plain-' tiff assigns as a breach of the bond that the defendant did not appear, without avowing that he had prosecuted his action to judgment,' &c. Suppose this defendant had-pleaded that the defendant in the former action did ap-' pear, and issue had been taken upon it, it would have been an immaterial issue; for if it had been found against him, the plaintiff would not have been entitled to recover. Finding that the defendant had not appeared, would have furnished no evidence that the plaintiff had performed all the other acts which the law required him to do before his right of action accrued. Suppose the defendant had died after the return of the writ and before judgment; or suppose that for any other cause the plaintiff never had obtained judgment, he could never háve maintained an action on the bond although the condition had never been performed. I consider it to be a well settled rule of pleading that a plaintiff cannot recover without' setting out in' his declaration a clear subsisting Cause of action. Thus where • there is a: condition precedent to be performed on the'part of the plaintiff, performance must be averred. And whether "the precedent condition be r requisite of the contract or of the law is not material, hus iil an- action against an indorser of a note of hand aver» *179 .jieuts of presentment to the payer, of a refusal to pay and of notice to the indorser are all necessary to enable the plaintiff to recover. But they are .all requisites of the law and do not appear on the face of .the contract. It is not the less necessary however that they should appeal’ on the face of the declaration. Chitty lays down the rule .to be that “ when the obligation on the defendant to perform his contract, depends on any event which would not otherwise appear from the declaration to have occured it is obvious that an averment of such event is essential to a logical statement of defendants breach, 1 Chit. Plea. 308. Is not that precisely the case before us? The objection of the defendant to perform his contract depends on an event which cannot otherwise appear from the declaration to have occured. It is obvious therefore that such an averment is necessary, or the defendants liability can not appear. The demurrer admit» all the facts in the declaration, yet it does not admit that the plaintiff has any cause of action. Because there are other facts which must be established before the plaintiff can recover and which therefore ought to have been avowed in his declaration. Let us test the principle farther by pursuing its analogy to-the case already alluded to? Suppose the en-dorsee of a promissory note to set out the indorsement, to allege the liability of the endorser and the neglect of the drawer to pay. Here would appear prima facie a good cause of action. Yet a demurrer to such a declaration would be sustained. Because the law requires the party to make such a demand of the drawer and to give notice to his indorser before his right of action accrues, and being prerequisites to his right of action must be alleged to have been performed. Suppose the legislature should as the case now before us, superadd as a further requisite that the indorsee should sue the drawer to insolvency before he should have recourse to the endorser; *180 would it not be necessary that ho should make such additional averment to entitle him to his action? I apprehend there can be no doubt on the subject.
I admit the general rule that in an action on a contract it is sufficient to set out the contract, and to assign the breaches in the terms of the contract itself. And it is probable that previous to the act of 1785, this declaration would have been sufficient, because the plaintiff might have brought his action as soon as default of appearance had been made. But when the act of assembly steps in and requires some further act to be done on his part, before his right of action accrues, he must aver the performance of that act before his action can be maintained.
I am of opinion therefore that the demurrer to this declaration ought to he sustained.' It still however remains to be determined what ought to be the form of the declaration in such cases. To determine that'question, it will be necessary to look again at the act of 1809, which has already been refered to. The object of that act is to give the bail bond to the sheriff the effect and operation of a recognizance of special bail. Taking the two acts together, they furnish the form of declaration which ought to be observed in an action on the bond. Let the plaintiff, according to the pravisions of the first act, alledge in his declaration “ that he had prosecuted his suit to judgment, and had issued a ca. s,a. thereon which the sheriff had returned, that the defendant was not to be found;7’ to which may be added, according to the English precedents on recognizances of spécial bail, the further allegation, that the defendant in the original action had not paid the damages, costs and charges so recovered, nor any part thereof, nor rendered his body, &c. Such a declaration would render the proceedings plain and consistent, and relieve the party from all the prolixity which would result from the repetitions, rejoinders, arid surrejoinders, &c. to *181 which a different mode of declaring would lead. I have been more particular in this case than I otherwise should have been, in order that the opinion may embrace the case of Reuben Merrit and others vs. William Halbut, in which a similar question is submitted to us, though in a shape some what different.
The demurrers must be sustained; but as the question is some what new, and one on which a difference of opinion might very well be entertained, the plaintiff may have leave to amend his declaration, so as to meet the views which have been expressed.

Demurrer sustained but leave given to amend.

This case came on again for trial, before Mr. Justice Gaillard. The bail bond in question had been given to David Becket, late sheriff, and the declaration stated that the bond had been assigned by William Hilliard the present sheriff, and successor of David Becket. The defendant put in a general demurrer, on the ground that the assignment should have been made by Becket and not by Hilliard. The court overruled the demurrer.
Gregg, for the defendant, now moved to reverse the judgment of the court, in favor of the demurrer.
WClintock, contra.
Curia, per
Colcolk, J.
The motion in this case is refused. It is considered as a mere question of practice, and although it is clear that in England the bonds are assigned only by the sheriff who takes them, it does not follow that it must necessarily be so here. There the bond is given to the sheriff, and to him only. Here it is given to him and his successors in office. And we certainly have a right to put our own construction on the acts of Parliament which are made of force here. Here the *182 sheriff is elected for only four years, and when he goes out of office he is required to turn over his papers and books to his successor in office. And although bail bonds are not enumerated in any of the acts which imposes this duty on the sheriff who is going out of office, it is constantly done, and is a convenient practice — for otherwise it might often be difficult to find the sheriff, or get the bond when it is wanted. The cases of sheriffs in England assigning bonds after they are out of office cannot weigh in the determination of the question. It must necessarily be by them, as no other could assign. And with us, in a case in.which the bond was not given to the successor in óffifie^ri.ehpuM hold that the former sheriff could assign it. ' /